**Kathy D. Bonilla HILL, Plaintiff,**

**v.**

**METROPOLITAN LIFE INSURANCE COMPANY, et al., Defendant.**

**CIVIL NO. 01–1463 (JAG).**

United States District Court,
D. Puerto Rico.

July 11, 2002.

Adalicia C. Santaella, San Juan, PR, for Plaintiff.

Frank Gotay–Barquet, Feldstein, Gelpi & Gotay, San Juan, PR, for Defendant.

## OPINION AND ORDER[1]

GARCIA–GREGORY, District Judge.

On April 20, 2001, defendant Metropolitan Life Insurance Company ("MetLife") timely removed plaintiff Kathy D. Bonilla Hill's ("Bonilla") Complaint against MetLife to this Court. (Docket No. 1). The Complaint alleges that MetLife fraudulently denied Bonilla's claim for long term benefits under the Raytheon Company Employee Group Long Term Disability Plan ("Plan"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"). (Docket No. 5). Pending before this Court are the parties' cross-motions for summary judgment. (Docket No. 10 and No. 11, respectively). MetLife claims that Bonilla has failed to overcome the arbitrary and capricious standard the Court must apply to review a benefit plan administrator's decisions, in accordance with ERISA. (Docket No. 10). Bonilla argues that the Court should instead apply the reasonableness standard to review MetLife's denial of benefits under the Plan. (Docket No. 11). For the reasons discussed below, the Court **GRANTS** MetLife's motion for summary judgment and **DENIES** Bonilla's motion for summary judgment.

## FACTUAL BACKGROUND

Bonilla worked for Raytheon Engineers & Constructors, Inc. from 1993 to July 4, 1997 as a Validation Specialist II. (Docket No. 10 at 1). During this time, she was a participant in the Plan. (*Id.* at 2). MetLife is the Plan administrator with discretionary authority to interpret its terms and conditions. (*Id.* at Tab 2, 23–24).

On January 9, 1998, Bonilla submitted a claim for long term disability benefits for disability as a result of a work-related accident. (*Id.* at 314). The claim included medical reports by Bonilla's attending physicians: Dr. Negron ("Negron") and Dr. Vazquez Sotomayor ("Vazquez"). (*Id.*) Negron concluded that Bonilla was totally disabled but would be able to return to work no later than August 1, 1998. (*Id.* at 332). Vazquez concluded that Bonilla was totally disabled and it was questionable whether she would ever be able to work again. (*Id.* at 336).

After twice asking Bonilla for information to supplement her claim and not receiving a response, MetLife denied Bonilla's claim "because the information submitted [did] not substantiate [her] inability to perform the material duties of [her] own occupation based on the medical documentation reviewed." (*Id.* at 311–313). On June 26, 1998, Bonilla wrote a letter requesting MetLife to reconsider its decision. (*Id.* at 287–307). Consequently, MetLife submitted Bonilla's claim to Network Medical Review Company, Ltd. ("NMRC") for an independent reevaluation. (*Id.* at 92). NMRC's doctors, Dr. Turok ("Turok") and Dr. Givens ("Givens"), examined

---

1. Laura M. Crumley, a third year student at the University of Illinois College of Law, assisted in the research and preparation of this opinion.

Bonilla and evaluated her medical records. Turok concluded that "Bonilla can perform her duties as listed in her job description." (*Id.* at 78). Givens concluded that, while Bonilla experienced several symptoms of depression, "with proper treatment she could return to her current occupation within the next 2–3 months." (*Id.* at 79). Givens later amended his initial report, stating that before January 1998 and after June 1998 "the records reviewed do not support an inability in Bonilla to perform the essential functions of her own occupation." (*Id.* at 45).

On December 22, 1998, MetLife again denied Bonilla's claim for long term benefits, for "the records [did] not support [her] inability to perform the essential functions of [her] own occupation." (*Id.* at 41). After the second denial, Bonilla filed this suit against MetLife claiming that its decision was arbitrary, capricious and unreasonable. (Docket No. 5).

## DISCUSSION

### I.  The Standard for Summary Judgment

The standard for summary judgment is governed by Fed.R.Civ.P. 56. The Court may grant summary judgment only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R.Civ.P. 56(c); *See Santiago–Ramos v. Centennial P.R. Wireless Corp.*, 217 F.3d 46, 52 (1st Cir.2000). The party moving for summary judgment bears the burden of showing the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

A properly supported motion can be survived only if the non-moving party shows that a trial worthy issue exists. The party opposing the motion cannot rely on an absence of competent evidence, but must affirmatively point to specific facts that demonstrate the existence of an authentic dispute. Not every controversy is sufficient to preclude summary judgment. The fact has to be "material" and the dispute must be "genuine." "Material" means that a contested fact has the potential to change the outcome of a suit. The issue is "genuine" when a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "The mere existence of a scintilla of evidence is insufficient to defeat a properly supported motion for summary judgment." *See Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Consequently, in order to defeat the motion, the party opposing summary judgment must present competent evidence supporting its position. *See Maldonado–Denis v. Castillo–Rodriguez*, 23 F.3d 576, 581 (1st Cir.1994). To make this assessment in a given case, the Court "must view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." *See Griggs–Ryan v. Smith*, 904 F.2d 112, 115 (1st Cir.1990). When carrying out that task, the Court may safely ignore "conclusory allegations, improbable inferences, and unsupported speculation." *See Medina–Munoz v. R.J. Reynolds Tobacco Co.*, 896 F.2d 5, 8 (1st Cir.1990).

### II.  Bonilla's Claim for Insurance Coverage

It is well-established that when a plan administrator such as MetLife has discretionary authority, its decision to grant or deny disability benefits must be upheld, unless it is arbitrary and capricious. *See Vlass v. Raytheon Employees Disability Trust*, 244 F.3d 27, 32 (1st Cir.2001). MetLife, however, operates under a conflict of

interest because as plan administrator it must decide whether benefits may be granted, and disburse them. (Docket No. 11 at 4); *see also Pari–Fasano v. ITT Hartford Life and Accident Insurance Co.,* 230 F.3d 415, 418 (1st Cir.2000). The First Circuit has decided that in these circumstances, the Court should adhere to the arbitrary and capricious standard "with special emphasis on reasonableness, but with the burden on the *claimant* to show that the [insurer's] decision was improperly motivated." *Doyle v. Paul Revere Life Insurance Co.,* 144 F.3d 181, 184 (emphasis added).

Bonilla maintains that under the reasonableness standard, MetLife's final denial of her claim was unreasonable for three reasons. (Docket No. 11 at 5). First, Bonilla avers that MetLife did not "consider NMRC's original assessment of total disability, relying instead on a subsequent 'report' made at its request." (Docket No. 11 at 5). Second, Bonilla claims that MetLife disregarded the terms of the Plan requiring an examination by a third physician in case of conflicting medical evidence. *Id.* Finally, Bonilla avers that MetLife wrongly disregarded the Social Security Administration's observation that Bonilla is disabled in denying her claim for benefits. *Id.*

MetLife avers that its determination was reasonable and well-substantiated by the record. *See Doyle,* 144 F.3d 181, 184, *citing Associated Fisheries of Maine, Inc. v. Daley,* 127 F.3d 104, 109 (1st Cir.1997) (noting that MetLife's "decision will be upheld if it was within [its] authority, reasoned, and 'supported by substantial evidence in the record.'").

1. *Bonilla avers that MetLife did not consider NMRC's original assessment of total disability.*

■ Bonilla misconstrues the evidence regarding NMRC's original assessment of total disability. The relevant part of the Plan defines total disability, due to an injury or sickness, as when: "1. [one] is completely and continuously unable to perform each of the material duties of [one's] regular job; and 2. require[s] the regular care and attendance of a Doctor." (Docket No. 10 at Tab 2, 12). While Givens began his assessment by stating that the records "demonstrate support from a psychiatric perspective for an inability in Bonilla to perform the essential functions of her own occupation," he concluded that depression is very treatable and that she "could return to her current occupation" soon. (Docket No. 10 at 79.) Givens also questioned Vazquez's diagnosis of psychosis and the reason why she had not been placed on stronger medication, given her condition. *Id.* Hence, according to the terms of the Plan, NMRC did not give an assessment of total disability.

2. *MetLife disregarded the terms of the Plan requiring a third doctor to examine the beneficiary in case of conflicting medical evidence.*

■ Secondly, MetLife had no obligation under the Plan to obtain a third medical opinion, in light of the conflicting evidence by the doctors who examined Bonilla. (*See* Docket No. 10). It is undisputed that MetLife has discretionary authority to interpret the terms of the Plan. (*See id.* at Tab 2, 23–24). The Plan's terms do not state that MetLife is under the obligation to get a third opinion when there is conflicting evidence. Furthermore, the administrator, rather than a third party, has the responsibility of weighing conflicting evidence. *See Vlass* 244 F.3d at 32 (*citing Guarino v. Metropolitan Life Ins. Co.,* 915 F.Supp. 435, 445 (D.Mass.1995)). MetLife used the discretion it is provided by the Plan, weighed the evidence and found Bonilla not to be totally disabled. Some of the doctors' reports

found that Bonilla would be able to return to work in 1998. (Docket No. 10 at 332). Givens's initial report also questioned Vazquez's diagnosis of psychosis. (*Id.* at 79). In light of the documents provided the decision to deny the benefits was not unreasonable. *See Vlass,* 244 F.3d at 30, *citing Sprague v. Director, O.W.C.P.,* 688 F.2d 862, 865–866 (1st Cir.1982) (observing that conflicting evidence, in itself, does not render the administrator's decision an arbitrary one). Even if there is evidence to substantiate a decision in favor of the plan beneficiary, a decision in favor of the plan administrator is not arbitrary and capricious if it can be substantiated by other documents in the record. *See Vlass,* 244 F.3d at 32.

3. *Bonilla avers that MetLife wrongly disregarded the Social Security Administration's assessment of total disability.*

■ Finally, MetLife was *not* required to take the receipt of social security disability benefits into consideration in evaluating Bonilla's claim, since the Social Security Administration's benefit eligibility determinations are not dispositive on disability insurance cases. *See Pari–Fasano,* 230 F.3d at 419.

In sum, Bonilla has not proffered evidence to show that MetLife's decision to deny her claim for long term disability benefits was improperly motivated. The conflicting doctor statements coupled with the Social Security Administration's grant of disability benefits are just two factors in a record full of evidence supporting Bonilla's ability to resume her position at least sometime in 1998. For the reasons stated above, Bonilla has not met her burden of proving that MetLife's decision to deny her claim for disability benefits was arbitrary, capricious or unreasonable.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** MetLife's motion for summary judgment and **DENIES** Bonilla's motion for summary judgment.

IT IS SO ORDERED.